**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 13 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ALBERT SMITH, JR.,

  Plaintiff-Appellant,

v.

CORRECTIONS CORPORATION OF
AMERICA, INC. ("CCA"), OFFICER
WOLF, Correctional Officer;
OFFICER GOUSE, Correctional
Officer,

  Defendants-Appellees.

No. 03-6263

(W.D. Oklahoma)

(D.C. No. CV-02-1591-M)

## ORDER AND JUDGMENT[*]

Before **KELLY**, **HENRY**, and **TYMKOVICH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to decide this case on the briefs without oral argument. *See* FED. R.

APP. P. 34(f) and 10TH CIR. R. 34.1(G). The case is therefore ordered submitted

without oral argument.

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10TH CIR. R. 36.3.

Albert Smith, a state prisoner proceeding pro se, appeals the district court's dismissal without prejudice of his complaint filed pursuant to 42 U.S.C. § 1983. He also seeks to proceed in forma pauperis. The district court, in adopting the magistrate judge's report and recommendation, determined that the defendants' motion to dismiss for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a) should be granted. Mr. Smith now appeals. We affirm the district court's dismissal without prejudice.

We review de novo a dismissal for failure to exhaust administrative remedies. *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). Mr. Smith claims that on June 5, 2002, while handcuffed with his hands behind his back, he was escorted by CCA correctional officers to a holding tank. Next, Mr. Smith alleges, the officers escorted in a "skinhead white i[n]mate," uncuffed him, and allowed the unshackled inmate to beat up Mr. Smith, using the cuffs to inflict injury. Mr. Smith suffered injuries to his face and eye area; he was bandaged, and refused stitches. Mr. Smith objected to the magistrate's report and recommendation, which determined he had not exhausted his administrative remedies. *See* § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). He noted that he has been taking

medication for a mental illness and is housed in a mental health unit. He alleged that because he was "not provided with legal assistance to properly formulate [his] issue and to prepare [administrative] relief," he could not exhaust his administrative remedies. Aplt's Br. at 18.

The Supreme Court has held that "exhaustion in § 1997e(a) cases is now mandatory." *Porter v. Nussle,* 534 U.S. 516, 524 (2002); *see id.* at 532 (holding "that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong"). As the Court has stated: "[W]e stress the point . . . that we will not read futility or other exceptions into [PLRA's] statutory exhaustion requirements." *Booth v. Churner*, 532 U.S. 731, 741, n.6 (2001). Thus, Mr. Smith is unable to evade the required exhaustion procedures.

The grievance procedure is clearly set out in a document filed by CCA. Unfortunately, CCA attached a policy with an effective date December 1, 2002, which post-dated June 5, 2002, the date of the alleged events. Notwithstanding the attachment of the incorrect policy, Mr. Smith admits he did not follow the grievance procedure in effect at the time of the alleged events. The district court was correct when it granted CCA's motion to dismiss without prejudice.

## II. CONCLUSION

Accordingly we AFFIRM the district court's dismissal of Mr. Smith's complaint pursuant to 42 U.S.C. § 1997e(a), and we DENY Mr. Smith's motion to proceed in forma pauperis. Thus, Mr. Smith is responsible for the immediate payment of the unpaid balance of the appellate filing fee.

Entered for the Court,

Robert H. Henry
Circuit Judge